[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15078
Non-Argument Calendar

_____

Agency No. A79-509-122

NELSON VASQUEZ,
DIANA CAROLINA RICAUTE VASQUEZ,
JEFFERSON RICAUTE VASQUEZ,
LUZ DARY RICAUTE-RODRIQUEZ,

                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 20, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Nelson Vasquez, on behalf of himself, his wife Luz, and his children Jefferson and Diana, petitions this court for review of the decision by the Board of Immigration Appeals ("BIA") denying his motion to reconsider its affirmance of the Immigration Judge's ("IJ's") order of removal and denial of: asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). For the reasons that follow, we affirm.

## I. Background

Vasquez, his wife, and his children, all natives and citizens of Colombia, entered the United States in 2000 on immigrant visas, and they all remained beyond their visas' expiration periods. In July 2001, Vasquez filed an application for asylum, withholding of removal, and protection under the CAT with the INS,[1] alleging that he had been persecuted by the Revolutionary Armed Forces of Colombia ("FARC") based on his political opinion and his refusal to cooperate. An application pertaining to Vasquez's wife and two children was filed in November 2001, and this application was later consolidated with Vasquez's application. The INS referred the consolidated application to an IJ and issued Notices to Appear to Vasquez and his family, charging them with removability under 8 U.S.C. § 1227(a)(1)(B).

---

[1] In 2002, President Bush signed into law the Homeland Security Act, which created a new Department of Homeland Security and abolished the INS, transferring its responsibilities to the new department. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

At a hearing before the IJ, Vasquez and his family conceded removability. In a decision issued on January 31, 2005, the IJ denied relief, finding the asylum application untimely and concluding that Vasquez's testimony was not credible. The IJ further ruled that even if Vasquez were to be believed, his testimony did not warrant the relief sought. On February 15, 2005, Vasquez submitted a notice of appeal through his attorney, Lourdes Rodriguez.

In November 2005, Vasquez replaced his attorney, Rodriguez, with David Stoller. In that same month, Stoller filed a Notice of Entry of Appearance as Attorney or Representative Before the BIA (Form EOIR-27), Rodriguez filed a motion to withdraw, and Stoller filed a Freedom of Information Act ("FOIA") request seeking Vasquez's file. On January 24, 2006, the BIA issued its briefing schedule and sent it to Rodriguez, Vasquez's then-*former* attorney, requiring Vasquez to submit a brief by February 14, 2006. Stoller did not receive the BIA's response to his FOIA request until March 2006, at which time he noticed that the Form EOIR-27 he had submitted in November 2005 was not in Vasquez's file. After consulting with the BIA and Rodriguez, Stoller determined that the briefing schedule had been sent to Rodriguez and that the briefing deadline had passed without either Vasquez *or* the Government having filed a brief. As a result, Vasquez motioned the BIA to accept his (now late) brief, and on April 10, 2006, the BIA denied this motion. On May 4, 2006, Vasquez filed a motion to reset the

3

briefing schedule, and in an order issued on May 24, 2006, the BIA denied the motion on the grounds that neither party had presented sufficient reasons why it should accept untimely briefs. In that same order, the BIA affirmed the IJ's denial of relief, explicitly agreeing with the IJ's adverse credibility determination and concluding that Vasquez failed to demonstrate changed or extraordinary circumstances excusing the untimely filing of his asylum application. Vasquez did not petition this court for review of the BIA's May 24, 2006 decision.

On June 21, 2006, Vasquez motioned the BIA to reconsider its May 24, 2006 decision, arguing that, *inter alia*, the IJ erred in its conclusions, the BIA erred in denying his motion to file an untimely brief, and he had new evidence to present upon reconsideration. The BIA denied the motion, concluding that the motion failed "to identify any particular errors of law or fact in [the BIA's] previous decision," but, instead merely asserted that "rejection of [Vasquez's] untimely brief and affirmance of the [IJ's] decision was incorrect." The BIA also denied Vasquez's request to reopen the case due to new evidence on the grounds that Vasquez had not submitted any new evidence as part of his motion. Vasquez now petitions this court for review of the BIA's June 21, 2006 decision.

## II. Discussion

Vasquez argues that the BIA abused its discretion in denying his motion to reconsider because he identified errors of law and fact in his motion, the BIA failed

4

to consider that Stoller had been retained as counsel and had timely filed Form EOIR-27 with the BIA, and he has been denied due process by the BIA's failure to allow him to appeal the IJ's denial of relief.[2]

We review the BIA's denial of a motion for reconsideration for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

Under 8 C.F.R. § 1003.2, a motion to reconsider a BIA decision must be filed within thirty days of the decision and must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1)-(2).

Here, Vasquez's motion failed to identify errors of fact or law, failed to cite supporting authority, and failed to establish that the IJ erred in finding the asylum application untimely or that his testimony was incredible. We therefore conclude that the BIA did not abuse its discretion by denying Vasquez's motion to

---

[2] We do not address Vasquez's due process argument because he failed to exhaust his administrative remedies by raising this issue before the BIA. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). And because Vasquez does not challenge the BIA's denial of his motion to reopen based on new evidence, he has abandoned this issue as well. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).

5

reconsider.

## III. Conclusion

For the foregoing reasons, we DENY Vasquez's petition and AFFIRM the BIA.